IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH M. LUTZ and
CINDY LUTZ,

        Plaintiffs,

v.

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION
and METLIFE,

        Defendants.

08cv0397
**ELECTRONICALLY FILED**

## Memorandum Opinion

Before the Court are the motion of defendants Philips Electronics North America Corporation (Philips) and Metropolitan Life Insurance Company (MetLife) to dismiss plaintiffs' Amended Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) (doc. no. 6), and its motion for summary judgment (doc. no. 29). Plaintiffs Joseph and Cindy Lutz filed a complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania, which defendants timely removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b). Thereafter, plaintiffs filed an Amended Complaint setting forth the following counts: Count I, a claim for the full amount of benefits allegedly underpaid and due plaintiff Joseph Lutz under his Long Term ERISA Disability Plan through Philips, administered by MetLife; Count II, Pennsylvania common law negligence; Count III, Pennsylvania common law breach of contract.

**Rule 12(b)(6) Standards.**

After careful consideration of plaintiffs' Amended Complaint (doc. no. 13), defendants' motion to dismiss, the briefs in support and in opposition thereto, and the relevant statutes of limitations for ERISA claims, the Court will grant the motion to dismiss as untimely filed.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007). See also *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), *cited with approval in Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, ___ F.3d ___, 2008 WL 2745939 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court

2

also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id*. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.

. . . First, . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id*. at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from *Conley*. See *id*. at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. . . .

. . . [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to

> allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .
>
> * * *
>
> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and an showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted). See also *Budinsky v. Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

**Preemption.**

Initially, the Court notes that Plaintiff's negligence and breach of contract claims are preempted by ERISA. 29 U.S.C. 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (common law tort and breach of contract claims under Mississippi common law, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet criteria for ERISA preemption). Even if these claims were not preempted, however, they are, like plaintiffs' ERISA claim, barred by the applicable statute of limitations.

**Statute of Limitations.**

Plaintiffs' complaint alleges that MetLife notified Mr. Lutz by letter dated September 12, 2002 of the amount of the LTD he would be receiving, and the way the benefit was calculated, and that he began complaining about the "incorrect calculation of his long term disability benefits" on "repeated occasions beginning August 23, 2002. . . ." Complaint, ¶¶ 19, 26-27. It is undisputed that plaintiffs commenced this litigation with a writ of summons filed in state court on August 6, 2007.

As the United States Court of Appeals for the Third Circuit recently stated in *Hahnemann Univ. Hosp. v. All Shore, Inc.*, the "statutory limitation most applicable to a claim for benefits under Section 1132(a)(1)(B) is a breach of contract claim. . . . In Pennsylvania, a breach of contract claim has a statute of limitations of four years. 42 Pa. Cons.Stat. Ann. § 5525(a)(8)." 514 F.3d 300, 305-06 (3d Cir. 2008), citing *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1181 (3d Cir. 1992). Plaintiffs' action was initiated more than four years after the cause of action accrued, which was no later than August 23, 2002, according to the affirmative allegations of the complaint. See *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516 (3d Cir. 2007) (underpayment

5

qualifies as a repudiation of claim for full benefits so as to trigger statute of limitations on ERISA claim).

**Leave to Amend Complaint.**

In their brief in opposition to the motion to dismiss, plaintiffs request leave to file a Second Amended Complaint to add a count for breach of fiduciary duty under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking to avail themselves of ERISA's six year statute of limitations for certain claims. Plaintiffs argue, without supporting precedent, that an improper calculation of benefits may suffice to establish a breach of fiduciary duty.

While leave to amend a complaint should be freely granted pursuant to Fed.R.Civ.P. 15(a), and delay alone is not sufficient reason to deny leave, denial of leave to amend is nevertheless appropriate where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1278 (3d Cir. 1994). The Court will deny plaintiffs' request to amend their complaint to add a count for breach of fiduciary duty because such a claim is governed by the three year limitations period, not the six year period, and amendment would therefore be futile.

Section 413, 29 U.S.C. § 1113, provides:

> No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part [29 USCS §§ 1101 et seq.], or with respect to a violation of this part [29 USCS §§ 1101 et seq.], after <u>the earlier of</u> -
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) <u>three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation</u>; except that in the case of fraud or

concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (emphasis added).

Section 1113 "'thus creates a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge of the breach, and potentially extended to six years from the date of discovery in cases involving fraud or concealment.'" *Ranke v. Sanofi-Synthelabo, Inc.*, 436 F.3d 197, 201 (3d Cir. 2006), quoting *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996).

By plaintiffs' own affirmative averments, they had actual knowledge of any breach of fiduciary duty no later than August 23, 2002, when Mr. Lutz began repeatedly contacting defendants to correct their allegedly improperly calculated benefits. Thus, such a claim of breach of fiduciary duty would be governed by the three year statute of limitations ("three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation"), and it is, therefore, untimely.

For the foregoing reasons, defendants' motion to dismiss (doc. no. 6) will be granted, and the case will be dismissed with prejudice. Defendants' motion for summary judgment (doc. no. 29) is moot.

A separate Order will follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties